**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

**CODY PERRY**
**Plaintiff,**

**v.** **Civil Action No. 1:18-CV-767LY**

**THE CITY OF LLANO,**
**MATTHEW GRANT HARDEN,**
**MELISSA SLOAN, and KEVIN RATLIFF**
**Defendants.**

# PLAINTIFF'S SECOND AMENDED COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

CODY PERRY (hereinafter referred to as "Mr. Perry" or "Plaintiff") files this Second Amended Complaint of and against the CITY OF LLANO, MATTHEW GRANT HARDEN (hereinafter "HARDEN"), individually, MELISSA SLOAN (hereinafter "SLOAN"), individually, and KEVIN RATLIFF (hereinafter "RATLIFF"), individually; and for cause of action would show the Court as follows:

## A. Parties

1. Plaintiff, CODY PERRY, is an individual who resides in Llano, Llano County, Texas and all times relevant to the allegations of this complaint was a citizen of the United States.

2. Defendant, CITY OF LLANO, TEXAS, is a unit of local government in the State of Texas. The City of Llano has entered an appearance; no service is necessary at this time.

3. Defendant, MATTHEW GRANT HARDEN, is a United States and Texas citizen and a former officer with the Llano Police Department. At all relevant times to this action, defendant, MATTHEW GRANT HARDEN, was a police officer employed by the Llano Police Department

to perform duties in the City of Llano. At all times relevant to this action, MATTHEW GRANT HARDEN acted under the color of law. Matthew Grant Harden has entered a general appearance; no service is necessary at this time.

4. Defendant, MELISSA SLOAN, is a United States and Texas citizen and a former officer with the Llano Police Department. At all relevant times to this action, defendant, MELISSA SLOAN, was a police officer employed by the Llano Police Department to perform duties in the City of Llano. At all times relevant to this action, MELISSA SLOAN acted under the color of law. Melissa Sloan has entered a general appearance; no service is necessary at this time.

5. Defendant, KEVIN RATLIFF, is a United States and Texas citizen, and the former police chief of the Llano Police Department. At all times relevant to this action, KEVIN RATLIFF, was a police officer and policy maker employed by the Llano Police Department. KEVIN RATLIFF was employed by the Llano Police Department to perform duties in and for the City of Llano. At all times relevant to this action, KEVIN RATLIFF acted under the color of law in a supervisory capacity and as a policy maker. KEVIN RATLIFF may be served with summons at 495 Bobcat Trail, Llano, Texas 78643-1800.

**B. Jurisdiction and Venue**

6. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

7. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1343(a)(3), (4) relating to actions arising under 42 U.S.C. § 1983 and by 28 U.S.C. § 1331 (federal question).

8. Venue is proper in the United States District Court for the Western District of Texas, Austin Division, pursuant to 28 U.S.C. § 1391. Plaintiff's claims arose in whole or in part in the Western District of Texas.

## C. Background Facts

*Defendant Harden and Defendant Sloan Used Excessive Force Against and Unlawfully Arrested and Imprisoned Cody Perry*

9. On or about Sunday, November 6, 2016, at approximately 5:30 p.m., Cody Perry was at the Sonic Drive-In in Llano, Texas.

10. Mr. Perry then left Sonic, and as he traveled home, was followed closely by Defendant Matthew Grant Harden, who was traveling in his personal vehicle.

11. When Mr. Perry arrived at his home, Defendant Harden pulled in just after him.

12. Defendant Harden came face-to-face with Mr. Perry, and a brief verbal exchange occurred.

13. All-of-a-sudden, and without warning, Defendant Harden punched Mr. Perry in the face, which caused Mr. Perry to fall to his knees.

14. Mr. Perry, stunned from the violent assault, attempted to stand again.

15. Defendant Harden continued the assault on Mr. Perry by hitting him repeatedly with a closed fist in the face and body.

16. Thereafter, Mr. Perry, rendered nearly unconscious by the numerous blows to the head and body, fell limp to the ground.

17. Defendant Harden then got on top of Mr. Perry and placed him in handcuffs.

18. After Defendant Harden handcuffed Mr. Perry, and while he was still face down on the ground, Defendant Sloan tased Mr. Perry.

19. Defendant Sloan charged Mr. Perry with Assault of a Peace Officer.

20. The criminal charge of Assault of a Peace Officer was dismissed by the Llano County District Attorney's Office.

*The Llano Police Department has a Widespread Practice of Violating Peoples' Civil Rights*

21. In addition to the incident with Mr. Perry, Defendants Ratliff, Harden, Sloan, and other officers on the Llano Police Department have engaged in a long-standing and pervasive pattern of violating peoples' civil rights.

22. For a period of several years prior to Mr. Perry's confrontation with Defendant Harden and Defendant Sloan, Llano Police Officers interacted with the public in a wildly aggressive manner, escalating minor situations into shouting matches and physical confrontations. The officers would then unlawfully arrest the individual and charge them with a false offense or offenses, such as public intoxication, resisting arrest, or assault on a peace officer. Officers, including Defendant Harden, then covered up their actions by falsifying police reports and tampering with evidence.

23. The behavior was known and overseen by Defendant Kevin Ratliff, the former Llano Police Department Chief of Police. Defendant Ratliff responded to these unlawful police actions with deliberate indifference. At his best, Ratliff shrugged off a known pattern of civil rights violations and at his worst, he proactively and purposefully covered up his own and his officers' ongoing misdeeds.

24. Beginning on December 5, 2017, a succession of grand juries handed down indictments against multiple Llano Police Officers, including Defendants Ratliff and Harden, for this continued illegal behavior.

25. Defendant Ratliff was convicted of three Class A misdemeanors, two counts of official oppression and one count of tampering with a government record, related to the May 2, 2017, unlawful arrest of Cory Nutt.

26. Defendant Harden was indicted and is pending charges for three separate incidents unrelated to Mr. Perry's arrest. He is charged with official oppression and tampering with a

government document related to the unlawful arrest of Cory Nutt, in which he also trespassed on Mr. Nutt's property and subjected him to mistreatment. He is charged with official oppression for the April 25, 2016, unlawful arrest of Brook Carta, in which he subjected the young woman to mistreatment assaulted her in a physically aggressive and angry manner and then illegally searched her vehicle. Harden is also charged with tampering or fabricating physical evidence with the intent to impair, tampering with a government document, and official oppression for the June 20, 2017, arrests of Jenny Cambiano and Enrique Gonzalez, in which he used excessive force against Ms. Cambiano.

27. Llano Police Officers Aimee Shannon and Jared Latta were also indicted for their behavior during the arrest of Cory Nutt, which included a threat by Shannon to tase Mr. Nutt.

28. Defendant Sloan is charged with a Class B misdemeanor after it was alleged she distributed confidential information to non-law enforcement personnel.

29. Defendant Sloan wrote a twenty-five-page letter to the Llano City Council at approximately the same time period of Mr. Perry's arrest. In it, she provided detail to the incidents upon which Ratliff and Harden were later indicted.

30. Additionally, Defendant Sloan alleged in her letter a number of other incidents that amounted to clear violations of civil rights of the people of Llano. Defendant Harden and Officer Latta are alleged to have harassed a young black teenager with learning disabilities sometime in 2015. The teen's mother video recorded the harassment and sent a copy to Defendant Ratliff. In April 2016, Officer Latta, alongside Defendant Harden and other officers, is alleged to have assaulted a man in a gas station. Latta was in his personal vehicle, but flashed his badge at the man. Defendant details how she received the victim's call, attempted to investigate, but was sidelined

by Defendant Ratliff who told her, “Well I’m sure it’s nothing. You know how people are. They are always trying to get us in trouble.”

31. In the same month as the incident in the gas station and the illegal arrest of Brook Carta, Defendant Harden was awarded the city’s Employee of the Quarter award.

32. Defendant Sloan’s letter continues: in the spring of 2017, Defendant Harden responded to a noise complaint at the Llano Square Apartments. After the people inside the apartment lowered their music, Defendant Harden bizarrely escalated the situation by arresting one person for public intoxication, forcing his way into the home and arresting another person, and assaulting a young woman who subsequently had to be taken to the Emergency Room. Defendant Ratliff failed to investigate the arrests or discipline Defendant Harden.

33. In March or April of 2017, Defendant Harden is also alleged to have arrested a homeless man, James Earl Alexander, who jailers said was not intoxicated, three times in the span of four days for public intoxication. Llano County Sheriff’s Office employees eventually helped the man move to Burnet County in order to avoid Defendant Harden’s continued harassment. Defendant Ratliff did not investigate or discipline Harden despite being told about the arrests.

34. In April 2017, Defendant Harden illegally searched a vehicle based on less than probable cause. After finding a firearm, Harden arrested the driver for possession of a firearm as a felon. Although Defendant Sloan brought this illegal search to the attention of Defendant Ratliff, Ratliff did not investigate or discipline Harden.

35. In May of 2017, Llano County Sheriff Bill Blackburn banned Defendant Harden from entering the Sheriff’s administrative or dispatch offices. Eventually, in November 2017, Blackburn banned Defendant Harden from bringing anyone he arrested to the Llano County Jail.

36. On the same evening as Mr. Nutt's arrest, May 2, 2017, Officers Jackson Idol and Aimee Shannon conducted a welfare check that did not result in any arrests. Officer Latta, apparently of the mindset that someone *must* be arrested, despite the lack of a crime, got into a heated argument with Officer Shannon about how the welfare check took place. Upon returning to the Llano Police Department and recapping the welfare check to Defendant Ratliff, Ratliff placed Idol and Shannon on suspension for insubordination. Rather than supporting officers who did not violate the rights of Llano citizens by placing them under false arrest, Defendant Ratliff argued, "Well [Shannon] could have arrested them for disorderly conduct for noise because the neighbor heard them fighting." Officer Jackson Idol resigned from the force the following day.

37. During May 2017, City Councilman Craig Bauman approached Defendant Ratliff about a number of complaints he had received from citizens of Llano about the Llano Police Department.

38. On June 20, 2017, Defendant Harden illegally arrested Jenny Cambiano and Enrique Gonzalez. Defendant Harden assaulted Ms. Cambiano and charged her with resisting arrest.

39. On November 6, 2017, Defendants Harden and Sloan arrested Mr. Perry.

40. On November 24, 2017, Defendant Ratliff placed Defendant Harden on leave with pay from the Llano Police Department.

**<u>D. Violation of 42 U.S.C. §1983 – Excessive Force and Arrest Without Probable Cause</u>**

41. Plaintiff brings claims against Harden and Sloan, individually, pursuant to 42 U.S.C. §1983 for excessive force and arrest without probable cause. Plaintiff has a valid claim under this statute because Plaintiff has cognizable liberty interests to due process of law and to be free from the use of excessive force and arrest without probable cause by a police officer pursuant the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution. In support of same, Plaintiff incorporates the allegations contained in Paragraphs 8-39, *supra*. At all times, Matthew

Grant Harden and Melissa Sloan acted under color of their office and employment as officers for the Llano Police Department.

42. Plaintiff has cognizable liberty interests to be free from excessive force and arrest without probable cause by police officers pursuant the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. Plaintiff was deprived of his liberty interest when he was physically assaulted, falsely arrested, and jailed due to the actions of Defendants Harden and Sloan.

43. Defendants Harden's and Sloan's excessive force, false arrest, and subsequent imprisonment of Plaintiff took place under color of law. At all times, Defendants Harden and Sloan acted within the course and scope of their employment with the Llano Police Department and under the color of law.

44. Defendants Harden and Sloan were aware that their conduct was unlawful and violated Plaintiff's civil rights by falsely arresting him without probable cause for the alleged crime of assaulting a peace officer in an effort to cover-up Defendants' violent assault of Plaintiff.

45. Defendants Harden's and Sloan's use of force was unreasonable under the circumstances and thus excessive.

46. Defendants Sloan and Harden arrested Plaintiff and Defendant Sloan charged him with the crime of Assault of a Peace Officer without probable cause to arrest Plaintiff. Plaintiff was charged with the crime of Assault on a Peace Officer in Order to cover-up the assault and excessive force used by Defendants against Plaintiff.

47. Plaintiff has suffered a violation of his civil rights as protected by the Fourth, Fifth, Eighth, and Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. §1983.

48. The Chief of Police of the Llano Police Department and the persons employed within the chain of command with the Llano Police Department were involved directly or indirectly in the violation of Plaintiff's civil rights.

**E. *Monell* Liability – City of Llano**

49. Plaintiff incorporates paragraphs 21-40, *supra*. Plaintiff brings claims against The City of Llano under 42 U.S.C. § 1983 and *Monell v. Dept. of Social Svcs. of the City of New York*, 436 U.S. 658 (1978). The Llano City Council is responsible for establishing the Departmental policies, rules, regulations, ordinances, and procedures under which the Chief and each and every one of the employees must act.

50. The use of excessive force and the arrest without probable cause of the citizens of Llano, Texas (including Plaintiff) by members of the Llano Police Department was so widespread and pervasive as to have the force of law.[1]

51. Further, the lack of policies and procedures to provide for the safe and lawful treatment of individuals detained by the police amounted to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law.

52. The lack of established policies, rules, regulations, and procedures caused the violation of Plaintiff's Civil Rights under the United States Constitution, and as a consequence, the damages suffered by Mr. Perry.

53. As stated in paragraphs 21-40, above, the violation of Plaintiff's rights by Defendants was not an isolated incident; violating the rights of Plaintiff and those similarly situated to Plaintiff was

[1] *Addickes v. S.H. Cress & Co.*, 398 U.S. 144, 167-68 (1970)

the rule, not the exception of the City of Llano by and through the Llano Police Department.

54. On information and belief, the policy makers with City of Llano/Llano Police Department knew or should have known that the lack of policy, rule, regulation or procedure would cause this type of civil rights violation.

**G. Deliberately Indifferent Supervision – Kevin Ratliff**

55. Plaintiff incorporates paragraphs 21-40, *supra*. Plaintiff brings claims against Kevin Ratliff, individually, as the then-Chief of Police of the Llano Police Department for failing to supervise Harden and Sloan with deliberate indifference. Kevin Ratliff, as the then-chief and supervisory officer of Harden and Sloan knew or should have known about the danger that Grant Harden and Melissa Sloan would engage in unconstitutional conduct (use of excessive force and arrest without probable cause). As the Chief of Police, Kevin Ratliff had a duty and the authority to take steps to prevent Harden and Sloan from engaging in unconstitutional conduct, and deliberately failed to do so.

56. Even though Ratliff knew of at least three prior incidents of constitutional violations by Sloan and Harden[2], Ratliff failed to discipline, reprimand, or correct Defendants Harden and Sloan whose conduct resulted in the violations of Mr. Perry's civil rights. In fact, Ratliff rewarded the behavior, naming Harden "Employee of the Quarter".

57. Ratliff's failure to supervise and discipline Sloan and Harden for prior and subsequent constitutional violations was a direct and proximate cause of the Civil Rights Violations committed by Harden and Sloan against Plaintiff under the United States Constitution, as well as the personal physical injuries and damages suffered by Mr. Perry.

[2] See paragraphs 26-30, above

58. Ratliff knew or should have known that the failure to supervise or discipline officers Sloan and Harden for past violations of citizens' civil rights would cause the type of civil rights violation suffered by Plaintiff.

59. The Defendants willfully and wantonly deprived Mr. Perry of his constitutionally protected civil rights afforded to him by the Constitution of the United States of America and the Fourth, Fifth, Eighth, and Fourteenth Amendment, by conspiring to and/or engaging in conduct which caused, encouraged, and continued violations of Mr. Perry's civil rights. Defendants are liable for these civil rights violations pursuant to 42 U.S.C. § 1983.

60. All of these Constitutional protections were taken from Plaintiff by and as a result of Defendants' gross disregard for the law and gross disregard for the United States Constitution while Defendants were acting under color of authority and law.

**G. Attorney's Fees**

61. As a result of Defendants' conduct and their deliberate indifference to Plaintiff's rights, Plaintiff was forced to retain counsel. Plaintiff seeks reasonable and necessary attorney's fees, costs and expenses as allowed by law

**H. Jury Trial Requested**

62. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury and tenders the jury fee.

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff CODY PERRY prays that Defendants be cited to appear and answer herein and that upon a final jury trial, Plaintiff be awarded as follows:

a. Judgment against Defendants for violations of Plaintiff's civil rights, under 42 U.S.C. §1983;

b. Judgment jointly and severally against Defendants for the following damages:

   1) Damages for medical expenses in the past and future;

   2) Damages for pain and suffering in the past and future;

   3) Damages for mental anguish in the past and future;

   4) Damages for impairment in the past and future;

   5) Actual damages for attorney fees for the defense;

   6) Exemplary damages against Defendants Harden and Sloan;

   7) Reasonable attorney's fees and costs of court;

   8) Pre-judgment and post-judgment interest as allowed by law; and

   9) Such other and further relief at law or in equity, special, or general, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

LAW OFFICE OF ROBERT F. WHITE, P.C.
909 NE Loop 410, Suite 300
Llano, Texas 78209
Telephone: (210) 771-5766
Facsimile: (210) 428-6410

By: /S/Robert F. White
ROBERT F. WHITE
State Bar No. 24067934
rwhite1743@gmail.com
Attorneys for Plaintiff
*CODY PERRY*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all parties and attorneys via the CM/ECF system on January 18, 2019.

*/S/Robert F. White*
ROBERT F. WHITE