## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

**CODY PERRY**
     **Plaintiff,**

**v.**                                 **Civil Action No. 1:18-CV-767LY**

**THE CITY OF LLANO,**
**MATTHEW GRANT HARDEN,**
**MELISSA SLOAN, and KEVIN RATLIFF**
     **Defendants.**

---

### PLAINTIFF'S RESPONSE TO DEFENDANTS KEVIN RATLIFF'S AND THE CITY OF LLANO'S MOTIONS TO DISMISS PURSUANT TO RULE 12(b)(6)

---

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

     NOW COMES Cody Perry (hereinafter referred to as "Mr. Perry" or "Plaintiff") and files this response to Defendants Kevin Ratliff's and City of Llano's Motions to Dismiss Pursuant to Rule 12(b)(6). Plaintiff has pled sufficient facts to entitle him to relief, and Defendants' claims that they are entitled to out-right dismissal is without merit.

### I. FACTUAL BACKGROUND

1.  Plaintiff incorporates paragraph 09-60 of his Second Amended Complain (Doc. 26) filed in this Honorable Court on January 11, 2019. Generally, this lawsuit seeks damages for the violation of Plaintiff's Constitutional Rights due to the excessive force of

Matthew Grant Harden ("Harden") and Melissa Sloan ("Sloan"), *Monell* liability against

the City of Llano ("Llano"), and Supervisory liability against Kevin Ratliff.[1]

2.   Llano and Ratliff initially moved for dismissal (Docs. 15 and 19, respectively),

and Plaintiff timely filed his response (Doc. 25) to Llano's and Ratliff's Motions to

Dismiss on January 11, 2019.

3.   On January 22, 2019, this Honorable Court dismissed Llano's and Ratliff's

Motions to Dismiss without prejudice (Doc. 33) and ordered the parties to submit a

Proposed Agreed Scheduling Order on or before February 8, 2019.  The parties timely

submitted a Proposed Agreed Scheduling Order (Doc. 38).

4.   Prior to the submission of the scheduling order, Defendants Ratliff and The City

of Llano filed Motions to Dismiss Plaintiff's Second Amended Complaint (Docs. 35 and

36, respectively).  Plaintiff timely files this response to both motions.

## II. 12(b)(6) STANDARD

5.   A motion to dismiss for failure to state a claim under Federal Rule of Civil

Procedure 12(b)(6), as enunciated by another Court in Western District[2], "is viewed with

disfavor and is rarely granted." *Lowrey v. Texas A & M Univ. Sys*., 117 F.3d 242, 247

(5th Cir. 1997). A district court cannot dismiss a complaint, or any part of it, for failure to

state a claim upon which relief can be granted "unless it appears beyond doubt that

the plaintiff can prove no set of facts in support of his claim which would entitle him to

relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957);

*Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). In reviewing a Rule

---

[1] *See Ateberry v. Nocona General Hospital*, 430 F. 3d 245, 254 (5th Cir. 2005)
[2] *Kluth v. City of Converse*, 2004 U.S. Dist. LEXIS 26946, *3-4, 2004 WL 3186490, SA-04-CA-798-XR
(W.D. Tex. Dec. 20, 2004)

12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the face of the pleadings. Id.; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff and with every doubt resolved in favor of the plaintiff. *Lowrey*, 117 F.3d at 247.

6.   In reviewing a Motion to Dismiss the Court must utilize a "two-pronged approach" in considering a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). First, the Court identifies and excludes legal conclusions that "are not entitled to the assumption of truth." *Id.* Second, the Court considers the remaining "well-pleaded factual allegations." *Id.* The Court must accept as true all facts alleged in a plaintiff's complaint, and the Court views the facts in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A plaintiff's complaint survives a defendant's Rule 12(b)(6) motion to dismiss if it includes facts sufficient "to raise a right to relief above the speculative level." *Id.* (quotations and citations omitted). Stated differently, the Court must consider whether a plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). *Woods v. Argonaut Midwest Ins. Co.*, No. 6:15-cv-139, 2016 U.S. Dist. LEXIS 192371, at *3 (E.D. Tex. 2016).

7.   The Supreme Court, in *Iqbal* stated:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"[3]

8. Here, Plaintiff has pleaded highly specific factual content consistent with the liability of Defendants' liability to Plaintiff discussed herein and below.

## III. ARGUMENT AND AUTHORITIES

9. Plaintiff shall first address The City of Llano's Second Motion to Dismiss (Doc. 36):

### A. Plaintiff Has Pleaded Facts Sufficient to Maintain His *Monell* Claim Against the City of Llano.

10. Llano simply regurgitates—almost verbatim—its claims that Plaintiff has failed to plead sufficient facts to maintain a *Monell* claim against it.  Llano—***wrongly***—claims that Plaintiff has "[alleged] three (3) different potential theories to state a claim against [Llano]." (Doc. 36 ⁋ 10); this is simply not the case.  Plaintiff has ***one*** *Monell* claim against Llano, and bases that claim for liability on the Supreme Court's analysis in *Addickes v. S.H. Cress & Co.*, 398 U.S. 144, 167-168.  Plaintiff has clearly stated that a practice of widespread constitutional violations on behalf of the Llano Policy Department was so pervasive as to have the force of law.  In support of that allegation, Plaintiff has provided several known instances where citizen's rights were violated and the practice went unchecked.

---

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted).

11. Llano's first point of error states: "Plaintiff fails to allege a policy or custom; pattern or practice." (Doc. 19, § B(7)(*1*)); and further supports this claim with the statement "Plaintiff's pleading sets forth no allegation regarding the City of Llano other than that it is the employer of the named police officers.  Llano then goes on to explain that it cannot be held liable under the doctrine of *respondeat superior*; a claim that is not made by Plaintiff, and which shall not be addressed by this response.

12. To maintain a claim for liability against the City of Llano, Plaintiff may do so in one of three ways:

> a.  A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> b.  A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (per curiam).[4]

13. As to the second theory of liability under *Monell* (item "b", above), the *Addickes* Court noted:

> Congress included customs and usages within its definition of law in § 1983 because of the persistent and widespread discriminatory practices of state officials in some areas of the post-bellum South. As Representative Garfield said: "Even where the laws are just and equal on their face, yet, by a systematic maladministration of them, or a neglect or refusal to enforce their provisions, a portion of the people are denied equal protection under them." Although not authorized by written law, such practices of state officials could well be so permanent and well settled as to constitute a "custom or usage" with the force of law.[5]

---

[4] *See also Addickes v. S.H. Cress & Co.*, 398 U.S. 144, 167-68 (1970) (Liability for a "custom" that has not been formally approved by a policymaker but that subjects a municipality to liability on the theory that the practice is so widespread as to have the force of law.
[5] *Id.*

14. Paragraphs 21-40 of Plaintiff's Original Complaint outline a pattern of abuse by the City of Llano (by and through the Llano Police Department and its officers) against the citizens of Llano including Plaintiff.  Such abuse—i.e. arresting without probable cause, official oppression, and excessive force—was not isolated to the assault and wrongful arrest of Plaintiff by Officers Sloan and Harden, but was so pervasive and widespread as to amount to an official policy of the City of Llano.

15. The factual allegations of Plaintiff in his Amended Complaint are more than enough to satisfy the pleading requirements of Rule 8 and *Twombly/Iqbal* as it relates to Plaintiff's *Monell* claim against Llano.

16. Further, and quoting the Fifth Circuit in *Estate of Davis* [6] in its motion, Llano acknowledges that "notice of a pattern of similar violations is required." Llano has been placed on notice of the pattern of violations by the Llano Police Department (some before and some after the incident made the basis of this lawsuit) through the course of four pages and 20 paragraphs in Plaintiff's Amended Complaint.

17. Llano then argues that the prior incidents are not "similar" to Plaintiff's claims, and asks this Court to make a factual judgment call, not contemplated by Rule 8, *Twombly*, or *Iqbal*.  It is crucial to note, that *Estate of Davis* is an appeal from a denial of summary judgment, and does not speak to the sufficiency of Plaintiff's pleadings.  *Davis* discusses, *inter alia*, the "similarity" requirements for prior incidents of conduct to establish supervisory liability; Plaintiff does not and cannot maintain a claim against Llano for supervisory liability. Supervisory liability is not a municipal liability claim under *Monell*. It is a form of personal liability; whereas the claim of an unconstitutional policy, procedure,

---

[6] *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375 (5th Cir. 2005).

or custom is a form of entity liability.  Llano cannot be held liable for supervisory liability, and Plaintiff seeks no such relief from Llano.  Plaintiff's supervisory liability claims are limited to Chief Ratliff, and are discussed below.

18. The incident involving Carta discusses an assault of Carta by Harden (excessive force); and the incident involving Harden assaulting a man at a gas station (excessive force) are clearly similar to the claims made by Plaintiff here.  Again, as stated above, the standards set forth in *Davis* are not pleadings standards, but summary judgment sufficiency-of-the-evidence standards that have no bearing here.

19. Again, Plaintiff does not make a supervisory claim against the City of Llano.

### B.   Plaintiff Has Pleaded Sufficient Facts to Maintain His Claim Against Kevin Ratliff for Supervisor Liability

20. Ratliff goes at great lengths in his motion to discuss the finer points of "individual" versus "official capacity" claims.[7]  Plaintiff has not brought claims against Ratliff in his official capacity, as those claims would be redundant to those against the City of Llano. Plaintiff has filed a Second Amended Petition that directly addresses this issue of "individual" versus "official" capacity claims in an effort to clarify the individual claims against Ratliff for supervisor liability.

21. Ratliff argues that he is entitled to qualified immunity, stating that "former Chief Ratliff is alleged to be a public official (Chief of Police) who exercised discretion in his position as police chief…and is therefore entitled to qualified immunity." (Doc. 15, § V, ¶ 20), and cites *Champagne v. Jefferson Par. Sheriff's Office*, 188 F.3d 312 (5th Cir. 1999) to support this claim.  The *Champagne* ruling (a prisoner case) dismissed Champagne's claims against the Louisiana Department of Public Safety and Corrections

---

[7]

(a state entity with Eleventh Amendment Immunity) and Champagne's claim against the Governor of Louisiana.  Citing *Alton v. Texas A&M Univ.*, 168 F.3d 196 (5th Cir. 1999)[8], Ratliff argues that he is entitled to qualified immunity because he had no "personal involvement", but fails to recognize the next line in the *Alton* case which states "[t]he officials, however, may be liable when enforcement of a policy or practice results in a deprivation of federally protected rights. *Alton v. Tex. A&M Univ.*, 168 F.3d at 200 (5th Cir. 1999) *(*citing *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215-16 (5th Cir. 1998)).

22. Further, and as pleaded by Plaintiff, Ratliff's supervisor liability arises from his indifference toward Harden's and Sloan's prior, unchecked constitutional violations.  The Fifth Circuit has noted:

> Ordinarily, supervisors may not be held vicariously liable for constitutional violations committed by subordinate employees. However, supervisors may be liable for constitutional violations committed by subordinate employees when supervisors act, or fail to act, with *deliberate indifference* to violations of others' constitutional rights committed by their subordinates.[9]

23. Ratliff's failure to act on the prior constitutional violations committed by Harden and Sloan, and his conscious indifference to those violations is the basis of the individual liability cause of action against Ratliff.  In accord with the Fifth Circuit's holding in *Estate of Davis*, Plaintiff has outlined a series of constitutional violations that went unchecked by the Ratliff prior to the assault and wrongful arrest of Plaintiff by Ratliff's subordinates Harden and Sloan, which form the basis of his liability to Plaintiff.

24. Ratliff and Llano advance the same theory: that they cannot be held liable for the single bad act by Harden and Sloan; in the same breath they argue that the previous bad

---

[8] *Alton* is a "hazing" case brought against the A&M Corp of Cadets and supervisory cadet officers.
[9] *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 254 (5th Cir. 2005)(internal citations and quotations omitted).

acts outlined by Plaintiff are "not similar", even though—as alleged by Plaintiff—one of the incidents (Carta), resulted in formal criminal charges filed against Harden.

## IV. CONCLUSION

25. If the termination, suspension, and resignation of five Llano police officers as a result of on-going, pervasive, and insidious corruption (including the violation of Plaintiff's and other's civil rights) is not enough to warrant the sustainability of this lawsuit, it is hard to fathom under what circumstances a Plaintiff could maintain a cause of action, and get past the pleading stage in a lawsuit such as this.

26. Plaintiff has provided the Court with three prior constitutional violations committed by Harden to support his *Monell* claim against the City of Llano, and his supervisor liability claim against Ratliff; prior incidents Llano and Ratliff would have this Court ignore, and dismiss them from the lawsuit.  It is important to note that nearly all of the cases used to support Defendants' claims of dismissal are from summary judgment, which do not call for the outright dismissal of Plaintiff's claims prior to discovery.  In other words, Defendants' motions are wolves in sheep's' clothing: (premature) motions for summary judgment couched in terms of 12(b)(6).

27. Both *Iqbal* and *Twombly* discuss at great length the burden of the discovery process on the defendants named therein.  *Twombly* discussed "reams and gigabytes" of data possessed by the large, corporate defendants and the time and cost required to compile and examine the records.[10]  *Iqbal* was analyzed in the context of the disruption to the national security of the United States by subjecting the then-former attorney general John Ashcroft (and the DOJ) and the then-director of the FBI, Robert Mueller to

---

[10] *Twombly*, 550 U.S. at 559

depositions and discovery in the tumultuous time after the horrendous acts of September 11, 2001.  No such exigencies exist here.  Justice demands that all the Defendants named herein answer this lawsuit and proceed with the discovery process.  Plaintiff has plead sufficient facts to put Llano and Ratliff on notice of the claims against them, and to survive this motion.

### III. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants the City of Llano's and Kevin Ratliff's Motions to Dismiss be DENIED for the reasons stated herein and above. Plaintiff prays for such other and further relief to which he may be justly entitled at law or in equity.

Respectfully submitted,

LAW OFFICE OF ROBERT F. WHITE, P.C.
909 NE Loop 410, Suite 300
San Antonio, Texas 78209
Telephone: (210) 771-5766
Facsimile: (210) 428-6410

By:     */S/Robert F. White*
ROBERT F. WHITE
State Bar No. 24067934
rwhite1743@gmail.com
Attorneys for Plaintiff
*Cody Perry*

## <u>CERTIFICATE OF SERVICE</u>

By my signature below, I hereby certify that I have complied with the CM/ECF procedures for service and that opposing counsel is a registered user of the CM/ECF system.

<u>*/S/Robert F. White*</u>
ROBERT F. WHITE